Citation Nr: 1736726 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 10-16 183 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York

THE ISSUES

1. Whether there is new and material evidence to reopen a claim of entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), based upon substitution of the appellant as the claimant. 

2. Entitlement to service connection for an acquired psychiatric disorder, to include PTSD, based upon substitution of the appellant as the claimant.

REPRESENTATION

Appellant represented by: Michael Sullivan, Attorney


ATTORNEY FOR THE BOARD

L. Bush, Associate Counsel 

INTRODUCTION

The Veteran served on active duty in the U.S. Navy from February 1970 to March 1974. The Veteran died in December 2015. The appellant has been substituted as the claimant for the purposes of processing this claim to completion. 38 U.S.C.A. § 5121A (West 2014).

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York. 

The Board has re-characterized the issue of entitlement to service connection for posttraumatic stress disorder (PTSD) to an acquired psychiatric disability, to include PTSD, pursuant to the case of Clemons v. Shinseki, 23 Vet. App. 1 (2009) (holding that, when a claimant makes a claim, he is seeking service connection for symptoms regardless of how those symptoms are diagnosed or labeled).


FINDINGS OF FACT

1. The Veteran's claim for entitlement to service connection for an acquired psychiatric disorder, to include PTSD, was last denied in a May 1993 rating decision. He did not appeal that decision. 

2. Since the May 1993 rating decision, new and material evidence has been received that relates to unestablished facts that are necessary to substantiate the claim for service connection for an acquired psychiatric disorder, to include PTSD.

3. Resolving all reasonable doubt in favor of the Veteran, the Veteran's acquired psychiatric disability, to include PTSD, is etiologically related to his active duty service. 

CONCLUSIONS OF LAW

1. The May 1993 rating decision that denied service connection for an acquired psychiatric disorder, to include PTSD, is final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. § 20.1103 (2016).

2. New and material evidence has been received since the May 1993 rating decision and the claim for service connection for an acquired psychiatric disability, to include PTSD, is reopened. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. §§ 3.156 (2016).

3. The criteria for service connection for an acquired psychiatric disorder, to include PTSD, have been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2016); 38 C.F.R. §§ 3.102, 3.303 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

New and Material Evidence 

In general, VA rating decisions that are not timely appealed are final. See 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. § 20.1103 (2016). A finally disallowed claim may be reopened when new and material evidence is secured with respect to that claim. 38 C.F.R. § 3.156 (2016). "New" evidence is evidence not previously submitted to agency decisionmakers. Evidence is "material" if it relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156 (a) (2016).

The Veteran's claim for service connection for PTSD was last denied in a May 1993 rating decision because the evidence did not show a then-current diagnosis of PTSD, or that his other symptoms were related to his service. He did not appeal that decision and it is now final. Since then, evidence has been received showing he has psychiatric diagnoses, including PTSD, and nexus evidence has been received. See January 2008 Private Examination and March 2009 VA Examination. He has also provided new information regarding incidents in service. See February 2008 PTSD Stressor Statement and Military Personnel Records. This evidence is new and material and raises the possibility of substantiating the claim, therefore it is reopened.

Service Connection for an Acquired Psychiatric Disorder

To prevail on a direct service connection claim, there must be competent evidence of (1) a current disability, (2) in-service incurrence or aggravation of a disease or injury, and (3) a nexus between the in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009); 38 U.S.C. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303(a) (2016).

Service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a) (2016), i.e., a diagnosis which conforms to the criteria set forth in the Diagnostic and Statistical Manual of the American Psychiatric Association; a link, established by medical evidence, between the current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor actually occurred. 38 C.F.R. § 3.304(f) (2016).

A veteran is competent to report symptoms because this requires only personal knowledge, not medical expertise, as it comes to him through his senses. Layno v. Brown, 6 Vet. App. 465, 470 (1994). Lay testimony is competent to establish the presence of observable symptomatology, where the determination is not medical in nature and is capable of lay observation. Barr v. Nicholson, 21 Vet. App. 303, 309 (2007). 

First, the Veteran has been diagnosed with a current acquired psychiatric disability, including PTSD, Mood Disorder Not Otherwise Specified (NOS), a Mood Disorder (NOS), and a Personality Disorder. See January 2008 Private Examination and March 2009 VA Examination. 

Second, military personnel records confirm one of the Veteran's reported in-service stressors: witnessing a hangar bay door hit an officer, ultimately killing him. See U.S.S. Franklin D. Roosevelt Deck Log Book. While corroborative evidence for the other reported stressors could not be uncovered, including evidence surrounding a sexual assault, the Board finds that the Veteran is competent to report them. Additionally, the consistency in his statements regarding these stressors, to both his private physician and VA examiners, further bolsters his credibility. 

Third, the Board finds that the evidence is at least in equipoise as to whether the Veteran's acquired psychiatric disability is related to service. 

In that regard, the law is clear. Pursuant to the "benefit-of-the-doubt" rule, where there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter" the Veteran shall prevail upon the issue. 38 U.S.C.A. § 5107 (West 2014). Although there is evidence against the claim, the Veteran's January 2008 Private Examination indicated that his acquired psychiatric disorder is service connected.
This opinion taken in tandem with the Veteran's consistent statements regarding his in-service stressors during service and symptomatology since service is highly probative. See May 1993 VA Examination, January 2008 Private Examination, and March 2009 VA Examination (Veteran consistently reported the onset of symptomatology following the corroborated stressor on-board ship during service). The Board therefore concludes that, with the benefit of the doubt resolved in the Veteran's favor, a grant of service connection for an acquired psychiatric disorder, to include PTSD, is warranted. 


ORDER

Service connection for an acquired psychiatric disorder, to include PTSD, is granted. 


____________________________________________
P.M. DILORENZO
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs